**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50210 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03952-CAB-1 |
| v. | |
| RICARDO VILLEGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50345 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03952-CAB-1 |
| v. | |
| RICARDO VILLEGAS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted November 20, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and PAEZ, Circuit Judges, and KENNELLY, District Judge.[**]

Ricardo Villegas was charged with illegal reentry following deportation in violation of 8 U.S.C. § 1326. He was found incompetent to stand trial and, on November 22, 2013, was ordered hospitalized pursuant to 18 U.S.C. § 4241(d)(1). Villegas was admitted to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri (FMC–Springfield) on March 5 or March 6, 2014. Shortly thereafter, Villegas moved to dismiss the indictment on the ground that the time limit in § 4241(d)(1) had expired four months after the district court's commitment order. The district court denied the motion, ruling that the statutory period had not commenced until his arrival at FMC–Springfield. Villegas appealed. The appeal from that order is before this court as No. 14-50210.

After the appeal was filed, the staff at FMC–Springfield concluded that Villegas was not likely to be restored to competency without involuntary medication. The government moved to dismiss the charge against Villegas due to his incompetency. The district court granted the motion and dismissed the case without prejudice on July 9, 2014. Judgment of dismissal was entered the next

---

[**] The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

2

day.  On July 14, 2014, the district court issued an order directing that Villegas remain at FMC–Springfield for a dangerousness evaluation pursuant to 18 U.S.C. § 4246.  Villegas appealed the commitment order.  The appeal from that order is before this court as No. 14-50345.

We have jurisdiction over Villegas's appeals under the collateral order doctrine.  *See United States v. Loughner*, 672 F.3d 731, 743 (9th Cir. 2012); *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1026–29 (9th Cir. 2009); *United States v. Friedman*, 366 F.3d 975, 979–80 (9th Cir. 2004).

The plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of hospitalization.  *See* 18 U.S.C. § 4241(d) ("The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months . . . .").  The statutory period was therefore triggered when Villegas arrived at FMC–Springfield on March 5 or March 6, 2014.

Because the case was not dismissed until July 9, 2014 and the commitment order was not extended, Villegas was held three or four days in excess of the four-month period authorized by § 4241(d).  *See* 18 U.S.C. § 4241(d)(2); *Loughner*, 672 F.3d at 768.  However, the unauthorized commitment was harmless error, because Villegas would have remained in custody after the four-month period ended even if

3

there had been no violation.  *See* 18 U.S.C. §§ 4241(d), 4246(a); FED. R. CRIM. P. 52(a).  Accordingly, we affirm the district court's denial of Villegas's motion to dismiss.

As to the second order under review, the district court lacked jurisdiction to order Villegas's commitment for a dangerousness evaluation.  The court issued the order five days after the criminal charge was dismissed.  Because Villegas's case was no longer pending, the district court did not have jurisdiction.  *See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999).  For that reason, we vacate the order committing Villegas for a dangerousness evaluation.

Proceedings have been initiated in the Western District of Missouri pursuant to § 4246.  *See United States v. Villegas*, No. 6:14-cv-03427-MDH (W.D. Mo. filed Oct. 1, 2014).  Villegas automatically became subject to § 4246 when his mental condition did not improve after four months of hospitalization.  *See* 18 U.S.C. §§ 4241(d), 4246(a).  Thus, the Western District of Missouri retains jurisdiction over the § 4246 dangerousness determination.

In sum, we affirm the district court's denial of Villegas's motion to dismiss, at issue in appeal No. 14-50210.  We vacate the district court's order directing that

4

Villegas remain committed pursuant to § 4246, at issue in appeal No. 14-50345.

**AFFIRMED** in part, **VACATED** and **DISMISSED** in part.